No. 24-7195

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

U.S. DOMINION, INC., ET AL.

*Plaintiffs-Appellees,*

v.

PATRICK BYRNE

*Defendant-Appellant,*

---

On Appeal from the United States District Court
for the District of Columbia
Case No. 1:21-cv-02131-CJN-MAU

---

**DOMINION's MOTION TO DISMISS FOR LACK OF JURISDICTION**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................... 1

BACKGROUND ................................................................................................ 1

LEGAL STANDARDS ....................................................................................... 4

ARGUMENT ...................................................................................................... 6

CONCLUSION ................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Banks v. Off. of Senate Sergeant-At-Arms & Doorkeeper of U.S. Senate*,
    471 F.3d 1341 (D.C. Cir. 2006) ................................................................... 7

*Beberman v. Blinken*,
    No. CV 20-873 (TJK), 2021 WL 1614816 (D.D.C. Apr. 26, 2021) ............ 8

*Cunningham v. Hamilton County*,
    527 U.S. 198 (1999) ..................................................................................... 8

*Digital Equip. Corp. v. Desktop Direct, Inc.*,
    511 U.S. 863 (1994) ..................................................................................... 5

*Firestone Tire & Rubber Co. v. Risjord*,
    449 U.S. 368 (1981) ..................................................................................... 5

*Flanagan v. United States*,
    465 U.S. 259 (1984) ..................................................................................... 6

*Hanson v. Shubert*,
    968 F.3d 1014 (9th Cir. 2020) ..................................................................... 9

*Joerger v. Ashcroft*,
    No. 00-5375, 2001 WL 238166 (D.C. Cir. Feb. 14, 2001) ......................... 8

*Koller By & Through Koller v. Richardson-Merrell Inc.*,
    737 F.2d 1038 (D.C. Cir. 1984) ............................................................. 3, 4

*Law Offices of Seymour M. Chase, P.C. v. FCC*,
    843 F.2d 517 (D.C. Cir. 1988) ..................................................................... 8

*Lora v. O'Heaney*,
    602 F.3d 106 (2d Cir. 2010) ........................................................................ 9

*Mohawk Indus., Inc. v. Carpenter*,
    558 U.S. 100 (2009) ..................................................................................... 8

*Powell v. Miller*,
    849 F.3d 1286 (10th Cir. 2017) ................................................................... 9

*Richardson-Merrell, Inc. v. Koller*,
    472 U.S. 424 (1985)............................................................................*passim*

*Will v. Hallock*,
    546 U.S. 345 (2006).........................................................................................5

**Statutes**

28 U.S.C. § 1291 ...............................................................................*passim*

## INTRODUCTION

Plaintiff-Appellees, US Dominion, Inc., Dominion Voting Systems, and Dominion Voting Systems Corporation (collectively, "Dominion"), hereby move to dismiss Defendant-Appellant Patrick Byrne's appeal for lack of subject-matter jurisdiction. This appeal is from a non-final order—an order disqualifying Mr. Byrne's counsel, Stefanie Lambert Juntilla ("Ms. Lambert")—and does not qualify for immediate review as either a final judgment or under the collateral-order doctrine. *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430 (1985) ("An order disqualifying counsel in a civil case is not a final judgment on the merits of the litigation."); *id.* at 440 ("We hold that orders disqualifying counsel in civil cases, like orders disqualifying counsel in criminal cases and orders denying a motion to disqualify in civil cases, are not collateral orders subject to appeal as 'final judgments' within the meaning of 28 U.S.C. § 1291.").

## BACKGROUND[1]

On August 10, 2021, Dominion brought this lawsuit asserting defamation against Patrick Byrne after he spread the demonstrably false lie that Dominion stole the 2020 election. ECF No. 1. Over the next two and a half years, Dominion freely produced many millions of pages of documents to Mr. Byrne and his former counsel at McGlinchey Stafford PLLC—who, to the best of Dominion's knowledge, fully

---

[1] Citations to the record below are designated by ECF docket number.

1

adhered to the district court's protective order, which (among other things) limits produced discovery materials to be used "solely for purposes of this Litigation," ECF No. 79 at ¶ 1, and prohibits the public filing or dissemination of materials marked confidential by the producing party, *id.* at ¶¶ 12–15, 27.

But things changed on March 11, 2024, when Mr. Byrne's prior counsel notified Dominion that Mr. Byrne had apparently retained additional counsel, Stefanie Lambert, who had flagrantly violated the protective order by filing Dominion's confidential discovery materials publicly in her Michigan criminal case, and by leaking even more of those materials to a Michigan sheriff, Sheriff Dar Leaf, who posted the materials on X. ECF No. 75 at 9. The next day, Ms. Lambert entered an appearance on Mr. Byrne's behalf. ECF No. 71. Three days later, Dominion filed an emergency motion to disqualify Ms. Lambert. ECF No. 75.

Judge Carl J. Nichols referred this dispute to Magistrate Judge Moxila A. Upadhyaya—the Magistrate Judge overseeing discovery disputes in this case—who gave it incredibly careful consideration. ECF, Minute Order of Apr. 15, 2024. Indeed, before issuing the order disqualifying Ms. Lambert, Judge Upadhyaya held two in-person hearings; reviewed over 2,500 pages of briefs and exhibits; entered a status quo order that provided Ms. Lambert the opportunity to show she was capable of complying with the court's rules and orders on a going-forward basis (ECF No. 77); and provided Ms. Lambert with a period of 148 days to demonstrate such

2

compliance. But Ms. Lambert continued to violate the court's protective and status quo orders, to say nothing of multiple D.C. Rules of Professional Conduct.[2]

Accordingly, on August 13, 2024, Judge Upadhyaya disqualified Ms. Lambert in a 61-page opinion. A.4 (ECF No. 126, Mem. Op.); *see also* A.1 (ECF No. 125, Order). Of particular note, Judge Upadhyaya found that "the record clearly shows that Lambert deliberately violated multiple court rules and orders and continues to do so despite having had ample warning of the consequences and assuring the Court she would comply"; and that "[b]ecause Lambert's 'truly egregious misconduct' has already and will undoubtedly continue to 'infect future proceedings,' this is the rare case in which disqualification is warranted." A.6 (quoting *Koller By & Through Koller v. Richardson-Merrell Inc.*, 737 F.2d 1038, 1056 (D.C. Cir. 1984), *vacated on other grounds sub nom. Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424 (1985)).

On August 27, 2024, Mr. Byrne, through Ms. Lambert, objected to Judge Upadhyaya's disqualification order. ECF Nos. 133, 134. After yet more briefing (ECF Nos. 133, 134, 135, 139), and another in-person oral argument held on October

---

[2] The record is replete with examples of Ms. Lambert's non-compliance with the district court's rules and orders. *See, e.g.*, ECF No. 75, Mot. to Disqualify (Mar. 15, 2024); ECF No. 78, Hearing (Mar. 18, 2024); ECF No. 82, Reply in Support of Mot. to Disqualify (Mar. 22, 2024); ECF No. 102, Supp. Decl. of D. Brook (May 17, 2024); ECF No. 103, Hearing (May 16, 2024); ECF No. 105, Resp. to Order of Court (May 21, 2024); ECF No. 108, Mot. to Enforce (July 5, 2024); ECF No. 113, Suppl. Br. in Support of Mot. to Disqualify (July 23, 2024); ECF No. 135, Opp. to Byrne's Objection to Mem. Op. (Sept. 11, 2024); ECF, Minute Order of Oct. 17, 2024, Hearing; ECF No. 151, Opp. to Byrne's Mot. for Recon. (Dec. 2, 2024).

3

17, 2024, Judge Nichols affirmed Judge Upadhyaya's order on October 22, 2024, explaining:

> [A]fter it became clear that Lambert had engaged in egregious violations of the Protective Order, she should have taken every step possible to show that those would remain isolated incidents. Instead, she violated the Status Quo Order and, at best, skirted around the edges of the Protective Order. That conduct—combined with Lambert's view, expressed both before Judge Upadhyaya and now before this Court during the October 17, 2024 hearing, that she was entitled to leak discovery materials because she believed doing so to be in the public interest—creates a real and continuing risk that Lambert might again leak confidential information. Judge Upadhyaya thus correctly concluded that Lambert's continued violations were "likely to infect future proceedings," *Koller*, 737 F.3d at 1056, and that no sanction short of disqualification would suffice.

A.70 (ECF No. 144, Order at 5).

On November 15, 2024, Mr. Byrne, again through Ms. Lambert, next moved for reconsideration. ECF No. 148. After full briefing on that motion, on December 13, 2024, the district court denied Mr. Byrne's motion, explaining that "[n]one of [Ms. Lambert's] arguments persuade the Court." A.71 (ECF No. 154, Order at 1).

On December 19, 2025, Mr. Byrne noticed this appeal, identifying the district court's denial of his motion for reconsideration as the order from which he appeals. ECF No. 157 at 34.

## LEGAL STANDARDS

"Title 28 U.S.C. § 1291 grants the courts of appeals jurisdiction of appeals from all 'final decisions of the district courts,' except where a direct appeal lies to

4

this Court." *Richardson-Merrell*, 472 U.S. at 429. "The statutory requirement of a 'final decision' means that 'a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.'" *Id.* at 429–30 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

"The collateral order doctrine is a 'narrow exception'" to the final judgment rule. *Id.* at 430 (quoting *Firestone*, 449 U.S. at 374). The Supreme Court has "repeatedly stressed that the 'narrow' exception should stay that way and never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (citing *Richardson-Merrell*, 472 U.S. at 436).

"The requirements for collateral order appeal have been distilled down to three conditions: that an order [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (internal quotation marks and citation omitted). Because these three "*Cohen* requirements go to an appellate court's subject-matter jurisdiction," the order must meet all three conditions to qualify as immediately appealable under the collateral order doctrine. *Digital Equip.*, 511 U.S. at 869 n.3. Failure to meet any one of the three "would in itself suffice to foreclose immediate appeal under § 1291." *Id.* at 869.

5

## ARGUMENT

The Court should dismiss Mr. Byrne's appeal for lack of subject-matter jurisdiction. Because "[a]n order disqualifying counsel in a civil case is not a final judgment on the merits of the litigation," *Richardson-Merrell*, 472 U.S. at 430, Mr. Byrne must show that his appeal satisfies the collateral-order doctrine. He cannot.

*Richardson-Merrell* is directly on point. In that case, the Supreme Court held "that orders disqualifying counsel in civil cases, like orders disqualifying counsel in criminal cases and orders denying a motion to disqualify in civil cases, are not collateral orders subject to appeal as 'final judgments' within the meaning of 28 U.S.C. § 1291." *Id.* at 440. Specifically, the Court explained that orders disqualifying counsel do not satisfy the second or third *Cohen* conditions because: "If a showing of prejudice is a prerequisite to reversal, then the ruling is not 'completely separate' from the merits because it cannot be assessed until a final judgment has been entered; on the other hand, if a showing of prejudice is not required, then the ruling can be effectively reviewed on appeal of the final judgment." *Id.* at 436–37 (citing *Flanagan v. United States*, 465 U.S. 259, 267–69 (1984)).

Notably, the Court in *Richardson-Merrell* also found that a disqualification order applying the same disqualification standard the district court applied here—*i.e.*, "whether the alleged misconduct is 'likely to infect future proceedings'"—did

6

not satisfy the second *Cohen* condition for another reason. *Id.* at 439–40 (citation omitted). Specifically, the Court explained that this disqualification standard "often" will require courts of appeals "to review the nature and content of th[e] proceedings to determine whether the standard is met." *Id.* at 439. Such analysis is anathema to collateral-order review because it entails an exhaustive examination into "the relevance of the alleged instances of misconduct to the attorney's zealous pursuit of that claim, the pretrial proceedings in the trial court, and the danger that it will be difficult for the trial judge to act with complete impartiality in future proceedings." *Id.* at 439–40 (internal quotation marks and citation omitted). *See also Banks v. Off. of Senate Sergeant-At-Arms & Doorkeeper of U.S. Senate*, 471 F.3d 1341, 1344 (D.C. Cir. 2006) ("Among the values protected by [the final judgment rule] is the preference for efficiency over the avoidance of temporary error."). Mr. Byrne's appeal invites this Court to engage in just that prohibited analysis.

To be clear, though, collateral-order review of a disqualification order does not turn on the disqualification standard the district court applied or should have applied. Nor does it turn on the facts of the case. The Court in *Richardson-Merrell* held that the collateral-order doctrine does not apply to "orders disqualifying counsel in civil cases, as a class." 472 U.S. at 440. Thus, a party cannot distinguish *Richardson-Merrell* based on the facts or circumstances of their "particular case," as the Supreme Court "has expressly rejected efforts to reduce the finality requirement

7

of § 1291 to a case-by-case determination of whether a particular ruling should be subject to appeal." *Id.* at 439. *See also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009) (citing *Richardson-Merrell* for the proposition that "an order disqualifying counsel in a civil case did not qualify for immediate appeal under the collateral order doctrine"); *Cunningham v. Hamilton County*, 527 U.S. 198, 207 (1999) (same); *Law Offices of Seymour M. Chase, P.C. v. FCC*, 843 F.2d 517, 520–22 (D.C. Cir. 1988) (extending *Richardson-Merrell* rule to the agency context).

Finally, that Mr. Byrne appeals from the district court's denial of his reconsideration motion does not change the simple fact that he appeals from a non-final order that is not subject to the narrow collateral-order doctrine. *See Joerger v. Ashcroft*, No. 00-5375, 2001 WL 238166, at *1 (D.C. Cir. Feb. 14, 2001) (dismissing appeal of denial of motion for reconsideration for lack of subject-matter jurisdiction because the underlying order did not qualify for the collateral-order doctrine). With respect to the collateral-order doctrine, an order denying a reconsideration motion cannot be separated from the underlying order because "[a] reconsideration analysis generally requires re-engagement with the substance of the initial order to determine whether a change in law is relevant to the analysis, to consider new evidence, or to determine whether the order constitutes clear error or manifest injustice." *Beberman v. Blinken*, No. CV 20-873 (TJK), 2021 WL 1614816, at *3 (D.D.C. Apr. 26, 2021), *aff'd in part, appeal dismissed in part*, 61 F.4th 978 (D.C. Cir. 2023). Thus, for the

8

same reason Mr. Byrne cannot appeal the district court's disqualification order, Mr. Byrne also cannot appeal the district court's denial of his motion for reconsideration. *See also Hanson v. Shubert*, 968 F.3d 1014, 1018 (9th Cir. 2020) ("We agree with the reasoning in *Powell* and *Lora*, and today hold that we lack jurisdiction over an order denying a Rule 59(e) motion for reconsideration of a denial of qualified immunity, where we do not have jurisdiction over the appeal of the underlying order." (citing *Powell v. Miller*, 849 F.3d 1286, 1289 (10th Cir. 2017); *Lora v. O'Heaney*, 602 F.3d 106, 112 (2d Cir. 2010))).

## CONCLUSION

The Court should dismiss Mr. Byrne's appeal for lack of subject-matter jurisdiction.

Date: February 3, 2025

Respectfully Submitted,

*/s/Laranda Walker*
Laranda Walker (D.C. App. #63311)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
lwalker@susmangodfrey.com

*Attorney for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all parties of record through the Court's CM/ECF system on February 3, 2025.

/s/*Laranda M. Walker*
Laranda M. Walker

## CERTIFICATE OF COMPLIANCE

I hereby certify on February 3, 2025, that:

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) of 5,200 words because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,164 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2402 in 14-point font size and in Times New Roman type style.

/s/*Laranda M. Walker*
Laranda M. Walker