IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

_____

Docket No. 24-7195
_____

US DOMINION, INC., et al.,

                                                             Plaintiffs / Appellees,

v.

DR. PATRICK BYRNE,

                                                             Defendant / Appellant.
_____

RESPONSE TO APPELLEE'S MOTION TO DISMISS
_____

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................ ii

INTRODUCTION ..............................................................................1

DISCUSSION ....................................................................................1

CONCLUSION AND RELIEF REQUESTED ...................................11

# TABLE OF AUTHORITIES

**Cases**

*Clark v. Meijer, Inc.*,
376 F. Supp. 2d 1077 (D.N.M. 2004) ...................................................................3, 4

*Cohen v. Beneficial Indus. Loan Corp.*,
337 U.S. 541, 69 S. Ct. 1221 (1949) .......................................................7, 8, 9, 11

*Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
646 F.2d 1020 (5th Cir. 1981) .....................................................................................7

*Flynt v. Weinberger*,
246 U.S. App. D.C. 40, 762 F.2d 134 (1985) ........................................................2

*Gough v. Perkowski*,
694 F.2d 1140 (9th Cir. 1982) ....................................................................................8

*Johnson v. Burnley*,
887 F.2d 471 (4th Cir. 1989) .......................................................................................3

*Labat-Anderson, Inc. v. United States*,
346 F. Supp. 2d 145 (D.D.C. 2004) .....................................................................3, 4

*Loughlin v. United States*,
364 U.S. App. D.C. 132, 393 F.3d 155 (2004) ......................................................3

*Richardson-Merrell, Inc. v. Koller*,
472 U.S. 424, 105 S. Ct. 2757 (1985) .....................................................7, 8, 9, 11

*Syva Co. v. United States*,
12 Ct. Int'l Trade 199, 681 F. Supp. 885 (1988) ...............................................3, 4

*Tulsa Airports Improvements Trust v. United States*,
120 Fed. Cl. 254 (2015) ................................................................................................2

*United States v. Munsingwear*,
340 U.S. 36, 71 S. Ct. 104, 95 L. Ed. 36 (1950) ....................................................2

*Will v. Hallock*,
546 U.S. 345 (2006) .................................................................................................8, 9

**Statutes**

18 U.S.C. § 1512 .......................................................................................... 6

28 U.S.C. § 1291 ....................................................................................... 1, 9

# INTRODUCTION

Appellant, Doctor Patrick Byrne, requests the Court to deny Dominion's motion to dismiss for lack of jurisdiction. It is well-established that an order disqualifying counsel in a district court proceeding is for all intents and purposes a final order with respect to the substantive decision being appealed. Dr. Byrne asserts that the final order entered by the District Court on his motion for reconsideration of the disqualification order is a final, appealable order and subject to the appellate jurisdiction of this court under 28 U.S.C. § 1291.

# DISCUSSION

While Dominion claims its motion is one to dismiss for lack of jurisdiction, it begins its brief in support by addressing *the merits* of the District Court's ultimate decision to disqualify counsel. See Dominion's Brief, pp. 2-4 (describing the Magistrate's consideration as "incredibly careful" and detailing at great length the substantive reasoning of the decision). An appellee must address the jurisdictional challenge before addressing the merits in a preliminary motion to dismiss, the appeal having been lodged and perfected by the appellant, the substantive merits of the latter's appeal will have the benefit of full, appropriate briefing during the appeal. See, e.g., *Tulsa Airports*

*Improvements Trust v. United States*, 120 Fed. Cl. 254 (2015); *Flynt v. Weinberger*, 246 U.S. App. D.C. 40, 762 F.2d 134, 135-36 (1985) (where it was stated that it is the duty of the appellate court to clear the path for future re-litigation of the issues raised on appeal not to prematurely dismiss a case at the request of an appellee). See also, *United States v. Munsingwear*, 340 U.S. 36, 40, 71 S. Ct. 104, 95 L. Ed. 36 (1950). As far as the appellate court's jurisdiction is concerned, case law and federal statute dictate where and when an appellate court may exercise jurisdiction, and the preliminary decision to do so is the only question to consider prior to giving the appellant its opportunity to fully brief and argue the merits. There is no way around the jurisdictional hurdle, and raising it on a preliminary motion certainly does not entitle the appellee to litigate the underlying merits of a timely filed appeal.

If an appellee addresses the merits of the case in a preliminary motion to dismiss for lack of jurisdiction in an appellate court, it can lead to several potential consequences. Primarily, the appellate court must first determine whether it has jurisdiction before it can address the merits of the case. If the court lacks jurisdiction, it cannot render a valid judgment on the merits, and any decision made on the merits would be considered a nullity *Syva Co. v. United States*, 12 Ct. Int'l

Trade 199, 681 F. Supp. 885 (1988), *Clark v. Meijer, Inc.*, 376 F. Supp. 2d 1077 (D.N.M. 2004), *Labat-Anderson, Inc. v. United States*, 346 F. Supp. 2d 145 (D.D.C. 2004).

Addressing the merits prematurely can further result in the appellate court vacating any opinions or judgments on the merits if it later determines that jurisdiction was lacking. This ensures that the path is cleared for future litigation of the issues raised without the preclusive effects of a merits-based decision. *Loughlin v. United States*, 364 U.S. App. D.C. 132, 393 F.3d 155 (2004).

Moreover, addressing the merits without resolving jurisdictional issues can lead to unnecessary complications and inefficiencies. The court must refrain from making any pronouncement on the merits until it resolves doubts about subject matter jurisdiction, as a dismissal for lack of jurisdiction carries no claim preclusive effects, unlike a dismissal on the merits. *Johnson v. Burnley*, 887 F.2d 471 (4th Cir. 1989). And certainly, although Appellant does not concede the point, any decision on the motion to dismiss based on Dominion's improper attack on the merits could potentially threaten further appellate review of the District Court's decision. *Id*.

Therefore, addressing the merits in a preliminary motion to dismiss for lack of jurisdiction can undermine the judicial process and

lead to vacated decisions and potential re-litigation. *Syva Co.*, *supra*; *Clark*, *supra*; *Labat-Anderson, Inc.*, *supra*. In summary, the potential consequences include the nullification of any merits-based decisions if jurisdiction is found lacking, vacating of opinions, and the inefficiency of addressing substantive issues prematurely. The court must first establish jurisdiction before considering the merits to avoid these issues. *Id*. Because of the negative impact ruling on the merits would have on a preliminary motion to dismiss, as discussed above, the principle underlying the prohibition inures to the benefit of an appellant as much so or more than it would the appellee in the litigation below.

Dominion's attempt to obfuscate the Court's full appellate review and simultaneously skew the playing field by addressing the substance of the District Court's decision and the alleged facts, while ignoring the only substantively applicable legal principle, to wit, a decision disqualifying a litigant's experienced and chosen counsel mid-stream during a district court proceeding is a final, appealable order as it renders subsequent substantive and *meaningful* review of that decision after the case is over impossible, should therefore be disregarded entirely.

However, it must be said that what Dominion ignores in addressing the substantive underlying decision is that Dr. Byrne's counsel, who is an experienced litigation attorney in the underlying subject matter and who served as a prosecutor for a decade, brought to the attention of law enforcement significant criminal wrongdoing on the part of Dominion, its agents, employees and contractors. This was raised before the Magistrate and the District Court Judge in the hearing on the objection to the Magistrate's disqualification order. Indeed, in the latter proceeding, Appellant's counsel raised additional concerns and supporting law for a blanket exception when disclosing the criminal conduct of a litigant to law enforcement. Furthermore, under both Michigan law and federal law, it is required to report criminal conduct to authorities. Undersigned counsel, who lives and works in Michigan, was required by Michigan law to disclose suspected criminal activity to law enforcement. See MCL 750.149. This provision, entitled "Compounding or concealing offense; Penalty" provides:

> Any person having knowledge of the commission of any offense punishable with death, or by imprisonment in the state prison, who shall take any money, or any gratuity or reward, or any engagement therefor, upon an agreement or understanding, express or implied, to compound or conceal such offense, or not to prosecute therefor, or not to give evidence thereof, shall, when such offense of which he or she has knowledge was punishable with death, or imprisonment in the state prison for life, is guilty of a

5

> felony; and where the offense, of which he or she so had knowledge, was punishable in any other manner, he or she is guilty of a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00.

Further, one cannot draft or propose a protective order or contract that would ever prohibit the disclosure of a crime to authorities. Such agreements would be considered void and unenforceable as they are contrary to public policy. If it were otherwise, any corporation or entity could conceal crimes or enter into such sweeping protective orders to avoid criminal investigation and prosecution.

Further, under federal law, particularly 18 U.S.C. § 1512, it is a crime itself to prevent or otherwise penalize one for reporting suspected criminal activity. Corruptly obstructing and impeding the reporting of suspected criminal activity is a crime under this statute. Furthermore, a conspiracy to conceal such. Likewise, intentionally harassing, hindering, delaying, preventing, dissuading another person attending or testifying in an official proceeding and reporting to a law enforcement officer or judge of the United States the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings is punishable by fine or three years in prison.

In any event, the District Court affirmed the Magistrate's decision on December 13, 2024. Even Dominion concedes that this denial was from a motion for reconsideration, although it challenged that designation below. Perhaps, most pertinent to the latter point, Appellant's motion for reconsideration was challenged by Dominion on the basis that the motion did not qualify under Rule 60, as a motion for relief. The fact that it was treated by the District Court Judge, and here, as conceded by Dominion was effectively a motion for reconsideration is critical to understanding the nuance in the collateral order doctrine enunciated and developed in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S. Ct. 1221 (1949) and distinguishing factors with respect to *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S. Ct. 2757 (1985) – applicable here to allow Appellant's case to proceed as an appeal of right of the disqualification order.

An order granting the disqualification of counsel in a civil case is *prima facie* generally considered an appealable order under the collateral order doctrine. The Fifth Circuit in *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020 (5th Cir. 1981), correctly noted that such an order is "*effectively unreviewable*" on appeal from a final judgment on the merits, thus falling within the narrow exception

7

to the final judgment rule announced in *Cohen, supra.* This reasoning is based on the premise that the harm caused by postponing review of an order granting disqualification is in most instances irreparable. *Id.*, see also, *Gough v. Perkowski*, 694 F.2d 1140 (9th Cir. 1982).

While the Supreme Court in *Koller, supra*, held that an order granting disqualification of counsel in a civil case is not immediately appealable under the final judgment rule, the district court case there was in a stay of proceedings and so all of the *Cohen* controlling factors were not present.

The requirements for collateral order appeal have been distilled down to three conditions: that an order conclusively determined the disputed question, that the order resolved an issue separate from the merits of the action, and that the order is unreviewable on appeal from a final judgment." See *Will v. Hallock*, 546 U.S. 345, 349 (2006) (internal quotation marks and citation omitted), citing *Cohen, supra.* Because these three "*Cohen* requirements go to an appellate court's subject-matter jurisdiction," the order must meet all three conditions to qualify as immediately appealable under the collateral order doctrine.

Although *Koller*, which originated from a decision from this Court appears to counsel against the collateral order rule, it is

8

distinguishable, and does nothing to counter the test applicable under *Cohen* as applied here.

The Supreme Court's decision in *Koller* was premised upon and in fact dependent on the fact that a stay had been entered in the lower court proceedings. There was therefore a distinction that took the case out of the full spectrum of analysis needed to apply *Cohen*. The fact that a stay had been entered "assure[d] that there can be [no final] decision pending the outcome of these interlocutory proceedings." *Id.* at 430, citing 28 U.S.C. § 1291. Here, no stay has been entered. The underlying proceedings have continued over Appellant's objection and to his great prejudice – indeed, while the Magistrate and the District Court have been made aware that he has not been able to retain and keep counsel of his choice in this multi-million dollar defamation action against him.

As noted, *Cohen* allows appeal of an interlocutory order disqualifying counsel as a final order where the order under consideration conclusively determine the disputed question, resolved an important issue completely separate from the merits of the action, and was effectively unreviewable on appeal from a final judgment. *Will, supra* at 349.

All three of these elements are still present in this case. The District Court's decision on Appellant's motion for reconsideration was final – and conclusively determined the disputed question – whether Appellant's counsel of choice should be disqualified or allowed to continue representing him. See *Will, supra.* Secondly, the issue concerning Appellant's counsel of choice being able to continue representing him in the litigation is an important issue completely separate from the merits of the litigation. Appellant's counsel is an expert in election fraud and all matters involving Dominion's involvement and conduct, and she has garnered significant experience and gravitas in the nationwide litigation of these types of matters. Indeed, Appellant continues to have his counsel of choice represent him in other proceedings and continues to advocate for her to do so here. This is the single most important issue because although it is separate from the merits of the underlying defamation claim, Appellant's constitutional rights of choice to a proper defense remain. Finally, the only reason for Appellant's appeal now is because the relief and remedy, to wit, restoring to Appellant his counsel of choice by reversal on appeal of the decision of disqualification is unreviewable on appeal – effectively moot where the substance of the dispute is whether or not Appellant should be allowed to have his counsel of

choice continue representing him in the underlying litigation. All of the elements of *Cohen* remain, and the case is distinguishable from *Koller* because a stay has not been entered pending the outcome of this particular appeal.

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Appellant respectfully requests that the Court deny Dominion's motion to dismiss.

Respectfully submitted by,

*/s/ Roger I. Roots*
Roger Roots
Counsel for Appellant
(775) 764-9347
21550 Oxnard Street, 3rd Floor PMB #172
Woodland Hills, CA 91367
rroots@johnpiercelaw.com

Dated: February 13, 2025

CERTIFICATE OF SERVICE

I, Roger Roots, certify that on February 13, 2025, a copy of the attached pleadings was served upon all counsel of record via electronic filing with the United States Court of Appeals for the District of Columbia.

    Respectfully submitted by,

    */s/ Roger I. Roots*
    Roger Roots
    Counsel for Appellant
    (775) 764-9347
    21550 Oxnard Street, 3rd Floor PMB #172
    Woodland Hills, CA 91367
    rroots@johnpiercelaw.com

Dated: February 13, 2025

# CERTIFICATE OF COMPLIANCE

I hereby certify that on February 13, 2025, this document complies with the word limits of Fed. R. App. P. 27(d)(2)(A) of 5,200 words because, excluding those parts of the document exempt by Fed. R. App. P. 32(f), this document contains only 2,187 words.

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word version 2501 in 14-point font size and in Times New Roman type style.

                                      Respectfully submitted by,

                                      */s/ Roger I. Roots*
                                      Roger Roots
                                        Counsel for Appellant
                                        (775) 764-9347
                                        21550 Oxnard Street, 3rd Floor PMB #172
                                        Woodland Hills, CA 91367
                                        rroots@johnpiercelaw.com

Dated: February 13, 2025