No. 24-7195

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

U.S. Dominion, Inc., et al.

*Plaintiffs-Appellees,*

v.

Patrick Byrne

*Defendant-Appellant,*

---

On Appeal from the United States District Court
for the District of Columbia
Case No. 1:21-cv-02131-CJN-MAU

---

**DOMINION'S REPLY IN SUPPORT OF ITS
<u>MOTION TO DISMISS FOR LACK OF JURISDICTION</u>**

# **TABLE OF CONTENTS**

I. *Richardson-Merrell* Holds that This Court Lacks Jurisdiction Under the Collateral-Order Doctrine. ...................................................................... 1

II. Byrne Cites Obsolete and Irrelevant Caselaw. ................................................. 3

III. The Fact Byrne Appeals from a Motion for Reconsideration Does Not Change the Fact He Appeals from a Non-Appealable Order. ................... 5

IV. Dominion Did Not Ask the Court to Address the Merits of the Disqualification Order in its Motion to Dismiss. ............................................. 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beberman v. Blinken*,
 No. CV 20-873 (TJK), 2021 WL 1614816 (D.D.C. Apr. 26, 2021) ................... 6

*Clark v. Meijer, Inc.*,
 376 F. Supp. 2d 1077 (D.N.M. 2004) .................................................................. 4

*Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
 646 F.2d 1020 (5th Cir. 1981) ......................................................................... 3, 4

*Gibbs v. Paluk*,
 742 F.2d 181 (5th Cir. 1984) ............................................................................... 4

*Gough v. Perkowski*,
 694 F.2d 1140 (9th Cir. 1982) ............................................................................. 3

*Flanagan v. United States*,
 465 U.S. 259 (1984) ......................................................................................... 3, 4

*Flynt v. Weinberger*,
 762 F.2d 134 (D.C. Cir. 1985) ............................................................................ 4

*Joerger v. Ashcroft*,
 No. 00-5375, 2001 WL 238166 (D.C. Cir. Feb. 14, 2001) ................................. 5

*Johnson v. Burnley*,
 887 F.2d 471 (4th Cir. 1989) ............................................................................... 4

*Labat-Anderson, Inc. v. United States*,
 346 F. Supp. 2d 145 (D.D.C. 2004) .................................................................... 4

*Loughlin v. United States*,
 393 F.3d 155 (D.C. Cir. 2004) ............................................................................ 4

*Richardson-Merrell, Inc. v. Koller*,
 472 U.S. 424 (1985) ................................................................................... 1, 2, 3, 4

*Syva Co. v. United States*,
    681 F. Supp. 885 (Ct. Int'l Trade 1988) ................................................................. 4

*Tulsa Airports Improvements Tr. v. United States*,
    120 Fed. Cl. 254 (2015) ......................................................................................... 4

*United States v. Munsingwear, Inc.*,
    340 U.S. 36 (1950) ................................................................................................. 4

Plaintiff-Appellees, US Dominion, Inc., Dominion Voting Systems, and Dominion Voting Systems Corporation (collectively, "Dominion"), respectfully file this reply in support of its motion to dismiss Defendant-Appellant Patrick Byrne's appeal for lack of subject-matter jurisdiction. Byrne fails to distinguish controlling precedent, *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424 (1985), and otherwise misstates the law governing, and procedural history leading to, this appeal. The Court should dismiss Byrne's appeal for lack of jurisdiction.

I. *Richardson-Merrell* **Holds that This Court Lacks Jurisdiction Under the Collateral-Order Doctrine.**

As Dominion argued in its motion, this Court lacks jurisdiction over Byrne's appeal because, as the Supreme Court held in *Richardson-Merrell*, "[a]n order disqualifying counsel in a civil case is not a final judgment on the merits of the litigation," and "orders disqualifying counsel in civil cases . . . are not collateral orders subject to appeal as 'final judgments' within the meaning of 28 U.S.C. § 1291." 472 U.S. at 430, 440.

Byrne's attempt to distinguish *Richardson-Merrell*—on the basis that the lower court there stayed proceedings pending appeal, whereas the lower court here did not—is misplaced. Byrne Opp. at 8–9. It is true that the lower court in *Richardson-Merrell* stayed proceedings, but the Court's holding did not turn on that fact. Instead, the Court discussed the fact there was a stay of proceedings as ***further*** support for its ***already-reached*** conclusion that the collateral-order doctrine applied

1

*as a threshold matter*:

> An order disqualifying counsel in a civil case is not a final judgment on the merits of the litigation. There has been no trial or final judgment in this case, and ***indeed the stay imposed by the Court of Appeals assures that there can be none pending the outcome of these interlocutory proceedings.*** Section 1291 *accordingly* provides jurisdiction for this appeal *only if* orders disqualifying counsel in civil cases fall within the "collateral order" exception to the final judgment rule.

472 U.S. at 430 (emphasis added).

Nor could Byrne dispute that, as a threshold matter, the collateral-order applies here. Stay of proceedings or not, there has been no final judgment on the merits of the litigation.

Moreover, *Richardson-Merrell*'s holding that a disqualification order does not qualify for the collateral-order doctrine expressly extends to situations "where the appellate court fails to impose a stay." *Id.* at 434. The *Richardson-Merrell* Court explained that "the delay that inherently accompanies time-consuming interlocutory appeals" was reason ***not*** to find collateral-order jurisdiction—whether the appellate court "stay[s] all proceedings during appellate review" or even "***where the appellate court fails to impose a stay***." *Id.* (emphasis added). The Court also "conclude[d] that orders disqualifying counsel in civil cases, ***as a class***, are not sufficiently separable from the merits to qualify for interlocutory appeal." *Id.* at 440 (emphasis added). Indeed, the Supreme Court "has expressly rejected efforts to reduce the finality

2

requirement of § 1291 to a case-by-case determination of whether a particular ruling should be subject to appeal." *Id.* at 439.

Byrne otherwise attempts to relitigate *Richardson-Merrell*, which he cannot do. Byrne Opp. at 10–11. For example, Byrne argues that the order disqualifying Lambert as his counsel is "completely separate from the merits of the litigation" and cannot be effectively reviewed on appeal after final judgment. *Id.* However, *Richardson-Merrell* held the opposite: "If a showing of prejudice is a prerequisite to reversal, then the ruling is not 'completely separate' from the merits because it cannot be assessed until a final judgment has been entered; on the other hand, if a showing of prejudice is not required, then the ruling can be effectively reviewed on appeal of the final judgment." 472 U.S. at 436–37 (citing *Flanagan v. United States*, 465 U.S. 259, 267–69 (1984)).

## II.   Byrne Cites Obsolete and Irrelevant Caselaw.

Seeking to avoid *Richardson-Merrell*'s clear holding, Byrne cites obsolete caselaw purportedly standing for the proposition that "[a]n order granting the disqualification of counsel in a civil case is *prima facie* generally considered an appealable order under the collateral order doctrine." Byrne Opp. at 7–8 (citing *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020 (5th Cir. 1981); *Gough v. Perkowski*, 694 F.2d 1140 (9th Cir. 1982)).

However, both *Duncan* and *Gough* **predate** *Richardson-Merrell*. These cases

3

also predate the Supreme Court's holding in *Flanagan* that orders disqualifying counsel in criminal cases are not subject to immediate appeal. 465 U.S. at 260. Even before *Richardson-Merrell* extended *Flanagan* to civil cases, the Fifth Circuit had already expressly held that *Duncan* was "superseded" by at least *Flanagan*. *Gibbs v. Paluk*, 742 F.2d 181, 183 & n.9, 185 (5th Cir. 1984). Byrne ignores this history.

Byrne otherwise cites caselaw that has nothing to do with the collateral-order doctrine. Byrne Opp. at 1–4 (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–41 (1950) (vacatur and mootness pending appeal); *Loughlin v. United States*, 393 F.3d 155, 159 (D.C. Cir. 2004) (Federal Torts Claims Act and the discretionary functions exception); *Johnson v. Burnley*, 887 F.2d 471, 475 (4th Cir. 1989) (federal civil service law and district court subject-matter jurisdiction), *reh'g in banc granted, opinion vacated* (Jan. 2, 1990); *Flynt v. Weinberger*, 762 F.2d 134, 135 (D.C. Cir. 1985) (mootness); *Tulsa Airports Improvements Tr. v. United States*, 120 Fed. Cl. 254, 256 (2015) (Tucker Act and Court of Federal Claims jurisdiction); *Labat-Anderson, Inc. v. United States*, 346 F. Supp. 2d 145, 146 (D.D.C. 2004) (Administrative Dispute Resolution Act and district court subject-matter jurisdiction); *Clark v. Meijer, Inc.*, 376 F. Supp. 2d 1077, 1079 (D.N.M. 2004) (sanctions and personal jurisdiction); *Syva Co. v. United States*, 681 F. Supp. 885, 887 (Ct. Int'l Trade 1988) (28 U.S.C. § 2637(a) and Court of International Trade jurisdiction)). None of these cases dictate the outcome here.

## III. The Fact Byrne Appeals from a Motion for Reconsideration Does Not Change the Fact He Appeals from a Non-Appealable Order.

Byrne appears to argue that the fact his "motion for reconsideration" was "treated by the District Court Judge" as a "Rule 60" motion "is critical to understanding the nuance in the collateral order doctrine." Byrne Opp. at 8–9. Though Byrne never explains that "nuance," his argument seems to rest on at least a misunderstanding of the district court's analysis. Footnote 1 of the district court's order expressly stated that Rule 60(b) was not the proper rule for Byrne to bring his motion, and that the district court was not in fact construing it as such. Rather, the district court construed Byrne's motion as a motion for reconsideration under Federal Rule of Civil Procedure 54(b):

> Lambert filed her motion "[p]ursuant to Rule 60(b) of the Federal Rules of Civil Procedure," ECF 148 at 1, but that rule applies only to final orders. The Court will construe her motion as one for reconsideration of an interlocutory order under Federal Rule of Civil Procedure 54(b).

A.71 n.1 (ECF No. 154, Order at 1 n.1).

Further, as Dominion previously explained, the fact Byrne appeals from the denial of his reconsideration motion does not change the fact he appeals from a non-final order that is not subject to the narrow collateral-order doctrine. *See Joerger v. Ashcroft*, No. 00-5375, 2001 WL 238166, at *1 (D.C. Cir. Feb. 14, 2001) (dismissing appeal of denial of reconsideration motion for lack of jurisdiction because the underlying order did not qualify for the collateral-order doctrine). An order denying

5

reconsideration cannot be separated from the underlying order because "reconsideration analysis generally requires re-engagement with the substance of the initial order to determine whether a change in law is relevant to the analysis, to consider new evidence, or to determine whether the order constitutes clear error or manifest injustice." *Beberman v. Blinken*, No. CV 20-873 (TJK), 2021 WL 1614816, at *3 (D.D.C. Apr. 26, 2021), *aff'd in part, appeal dismissed in part*, 61 F.4th 978 (D.C. Cir. 2023).

### IV. Dominion Did Not Ask the Court to Address the Merits of the Disqualification Order in its Motion to Dismiss.

Byrne spills considerable ink—most of his brief, in fact—to criticizing Dominion for "addressing *the merits* of the District Court's ultimate decision to disqualify counsel," Byrne Opp. at 1–4 (emphasis in original); and then to arguing that Lambert was justified in leaking Dominion's discovery materials, *id.* at 5–6. To be clear, Dominion did not address the merits of the district court's disqualification decision. If anything, that is what Byrne has done by arguing his counsel's conduct was justified (it was not). In contrast, Dominion provided the Court with a recitation of the facts and history leading to this appeal—none of which Byrne directly rebuts—and Dominion's view that Magistrate Judge Upadhyaya gave the dispute "incredibly careful consideration." Dominion Mot. at 1–4. That is not seeking to litigate the merits.

\* \* \*

6

For the foregoing reasons, the Court should dismiss Byrne's appeal for lack of jurisdiction.

Date: February 20, 2025                     Respectfully Submitted,

*/s/Laranda Walker*
Laranda Walker (D.C. App. #63311)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
lwalker@susmangodfrey.com

*Attorney for Plaintiffs-Appellees*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon all parties of record through the Court's CM/ECF system on February 20, 2025.

*/s/Laranda Walker*
Laranda M. Walker

## **CERTIFICATE OF COMPLIANCE**

I hereby certify on February 20, 2025, that:

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(C) of 2,600 words because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1466 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2402 in 14-point font size and in Times New Roman type style.

*/s/Laranda Walker*
Laranda M. Walker