Record No. 24-7195

IMMEDIATE DECISION ON THE PAPERS REQUESTED

_____

# 𝔘nited 𝔖tates 𝔆ourt of 𝔄ppeals

*for the*

## District of Columbia Circuit

_____

U.S. DOMINION, INC., ET AL. *Plaintiffs-Appellants*,

v.

PATRICK BYRNE, *Defendant-Appellant.*

_____

On Appeal from the U.S. District Court for the District of Columbia,
Criminal Action No. 1:21-cv-02131-CJN-MAU

_____

**MOTION FOR LEAVE TO FILE SUR-REPLY IN 7 DAYS**

_____

Roger Roots, Esq.
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
(775) 764-9347
Roger@rootsjustice.com

*Counsel for the Appellant Patrick Byrne*

The Appellant, Patrick Byrne, respectfully requests leave of Court to file a Sur-Reply brief, under the same formatting and size limits as a Reply, and to set the deadline for such brief as seven days from today on March 7, 2025. Appellant does not exclude an opportunity for the Appellees to respond justice would so provide.

The Dominion Appellees, Movant in this cycle of this motion to challenge jurisdiction, has confused the Appellee's position on the finality or constructive finality of order below and argues this and precedents like *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424 (1985) on grounds different from what the Appellee Byrne is arguing. Byrne believes that the confusion is significant enough to affect the outcome of the motion. The motion is itself very significant speaking to the very existence of this appeal on a motion to dismiss the appeal.

Appellant Byrne also believes that the interpretation of other precedents on the Dominion Appellees claim that they are mischaracterized is significant and requires a brief word of clarification.

In opposition to the Movant's motion to dismiss this appeal, Appellant Byrne grounded the finality of the order below on the grounds that a denial of a litigant's Sixth Amendment right to counsel

of his choice is an extraordinary injury and constitutional injury, See, *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) (a constitutional violation and loss of constitutional protections "'for even minimal periods of time, unquestionably constitutes irreparable injury'") (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)).

But the denial of counsel of a litigant's choice is presumptively an exception to the finality of the order appealed from. The order cannot be effectively addressed on a later appeal from the final outcome of the case. It is impossible to evaluate how a case would have unfolded differently if the litigant's choice of counsel tried the case.

Appellant Byrne argued that:

> The Fifth Circuit in *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 646 F.2d 1020 (5th Cir. 1981)*, correctly noted that such an order is "effectively unreviewable" on appeal from a final judgment on the merits, thus falling within the narrow exception o the final judgment rule announced in *Cohen, supra.* This reasoning is based on the premise that the harm caused by postponing review of an order granting disqualification is in most instances irreparable. *Id.,* see also, *Gough v. Perkowski,* 694 F.2d 1140 (9th Cir. 1982).

3

> While the Supreme Court in *Koller, supra,* held that an order granting disqualification of counsel in a civil case is not immediately appealable under the final judgment rule, the district court case there was in a stay of proceedings and so all of the Cohen controlling factors were not present.
>
> The requirements for collateral order appeal have been distilled down to three conditions: that an order conclusively determined the disputed question, that the order resolved an issue separate from the merits of the action, and that the order is unreviewable on appeal from a final judgment." See *Will v. Hallock,* 546 U.S. 345, 349 (2006) (internal quotation marks and citation omitted), citing *Cohen, supra*. Because these three "*Cohen* requirements go to an appellate court's subject-matter jurisdiction," the order must meet all three conditions to qualify as immediately appealable under the collateral order doctrine.

Therefore, the exception is based upon the fact that an entire trial and pre-trial case run by a different attorney than chosen by the Plaintiff-Appellant under the Sixth Amendment to the U.S. Constitution cannot be undone on review on a later appeal.

By contrast, the Reply of the Movant, Appellees, Defendants below argues that:

> As Dominion argued in its motion, this Court lacks jurisdiction over Byrne's appeal because, as the Supreme Court held in *Richardson-Merrell*, "[a]n order disqualifying counsel in a civil case is not a final judgment on the merits of the litigation," and "orders

4

> disqualifying counsel in civil cases . . . are not collateral orders subject to appeal as 'final judgments' within the meaning of 28 U.S.C. § 1291." 472 U.S. at 430, 440. Byrne's attempt to distinguish *Richardson-Merrell*—on the basis that the lower court there stayed proceedings pending appeal, whereas the lower court here did not—is misplaced. Byrne Opp. at 8–9.
>
> It is true that the lower court in *Richardson-Merrell* stayed proceedings, but the Court's holding did not turn on that fact. Instead, the Court discussed the fact there was a stay of proceedings as further support for its already-reached conclusion that the collateral-order doctrine applied as a threshold matter: An order disqualifying counsel in a civil case is not a final judgment on the merits of the litigation. There has been no trial or final judgment in this case, and indeed the stay imposed by the Court of Appeals assures that there can be none pending the outcome of these interlocutory proceedings. Section 1291 accordingly provides jurisdiction for this appeal only if orders disqualifying counsel in civil cases fall within the "collateral order" exception to the final judgment rule.

472 U.S. at 430 (emphasis added).

But the case demonstrates that (a) the outcome did turn on the fact that the case was stayed and therefore "there can be none pending the outcome of these interlocutory proceedings" (b) did "fall within the "collateral order" exception to the final judgment rule."

CONCLUSION

Appellant-Plaintiff respectfully requests that the Court grant leave of Court to file a Sur-Reply to clarify these issues and to make the due date 7 days from today.

Dated: August 9, 2024   Respectfully Submitted,

By: */s/ Roger Roots*
Roger Roots, Esq.
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
(775) 764-9347
Roger@rootsjustice.com

*Attorney for the Appellant*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(a)(7)(C), I hereby certify that this brief complies with the type-volume limitation because it contains 12,361 words, excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and Cir. R. 32(a)(1), of the permissible 916 words. I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typeface style requirements of Fed. R.

App. P. 32(a)(6) because the brief was prepared in 14-point Times New Roman font using Microsoft Word.

Dated: February 27, 2025                                  /s/ Roger Roots
                                                          Roger Roots

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Fed. R. App. P. 25(c) and Cir. R. 25(c), that on February 27, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

Dated: February 27, 2025                                  /s/  Roger Roots
                                                          Roger Roots, Esq.