IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

_____

Docket No. 24-7195
_____

US DOMINION, INC., et al.,

           Plaintiffs / Appellees,

v.

DR. PATRICK BYRNE,

           Defendant / Appellant.
_____

DEFENDANT / APPELLANT DR. PATRICK BYRNE'S SUR-REPLY
_____

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................ii

INTRODUCTION .................................................................................................1

DISCUSSION .......................................................................................................1

CONCLUSION AND RELIEF REQUESTED ....................................................4

# TABLE OF AUTHORITIES

Cases

*Adir Int'l, Ltd. Liab. Co. v. Starr Indem. & Liab. Co.*, 994 F.3d 1032 (9th Cir. 2021)..................................................................................................1

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S. Ct. 1221 (1949)....3

*Elrod v. Burns*, 427 U.S. 347 (1976).........................................................2

*Mills v. District of Columbia*, 571 F.3d 1304 (D.C. Cir. 2009) ........................2

*Smart Communs. Holding, Inc. v. Glob. Tel-Link Corp.*, 590 F. Supp. 3d 758 (M.D. Pa. 2022)..................................................................................1

*Will v. Hallock*, 546 U.S. 345 (2006) .........................................................3

INTRODUCTION

The Dominion Appellees in challenging this Court's jurisdiction and seeking dismissal of Dr. Byrne's appeal has confused the Appellee's position concerning the finality or constructive finality of the order being appealed. Thus, Dominion's argument presents grounds different from what Dr. Byrne is arguing. Dominion's interpretation of other precedents is also mischaracterized and requires clarification.

Further, Dominion absolutely did argue the merits of the order being appealed, i.e., presenting its arguments as to why it believes the disqualification being appealed was correct – addressing the very merits of the orders that Dr. Byrne is appealing here.

DISCUSSION

Dr. Byrne grounded the finality of the order below on the unique and explicit constitutional challenge concerning denial of a civil litigant's right to counsel of his choice. A civil litigant's right to counsel of choice is protected by the Fifth Amendment Due Process Clause. This right is implicit in the concept of due process, ensuring that a litigant can retain and fund the counsel of their choice in civil litigation. *Adir Int'l, Ltd. Liab. Co. v. Starr Indem. & Liab. Co.*, 994 F.3d 1032 (9th Cir. 2021). See also, *Smart Communs. Holding, Inc. v. Glob. Tel-Link Corp.*, 590 F. Supp. 3d 758 (M.D. Pa. 2022).

The disqualification therefore is immediately prejudicial, affecting Dr. Byrne's choice and causing extraordinary and irreversible constitutional injury.

1

See, e.g., *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) (a constitutional violation and loss of constitutional protections "'for even minimal periods of time, unquestionably constitutes irreparable injury.'") (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)).

Dominion's attempt to skew this Court's impression of Dr. Byrne's counsel, while at the same time arguing that the appeal of the disqualification can occur after the case is over is telling.  The denial of counsel of a litigant's choice is presumptively an exception to the finality rule, as such an order's *substance and consequences* can never be effectively appealed, as it is impossible to evaluate how the case would have unfolded had the litigant been able to keep his counsel of choice.  In this regard, there is a real threat of considerable loss of institutional knowledge, and Dr. Byrne is unable to replace his counsel with someone of the skill and expertise in this area, without undue prejudice at this juncture – a critical time during the litigation.  Dr. Byrne must be allowed to actively participate and defend himself in these proceedings, particularly with respect to discovery and trial.

On the other hand, the argument by Dominion that allowing this appeal would be disruptive is insincere.  Dominion has several other similar cases against other defendants, which, while consolidated, have separate case numbers and separate orders governing the proceedings.  The trial in these cases are separate from Dr. Byrne's case.  In fact, it is Dominion that brought the case to a halt initially by seeking the disqualification for purposes of strategy.

Indeed, the Magistrate has recognized that Dr. Byrne's appeal requires different treatment of his case and thus, Dominion will not be prejudiced and the interlocutory nature of the appeal will not cause the disruption necessary to warrant dismissal of Dr. Byrne's appeal on this basis considering the grave consequences of requiring him to continue under circumstances where any other counsel would be inferior and far behind in these voluminous proceedings.

Further, requiring Dr. Byrne to find other counsel and continue will automatically invoke all three requirements of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221 (1949). The disqualification order conclusively determined the disputed question (the status of Dr. Byrne's counsel of choice), the order resolved an issue separate from the merits of the action (the only question from which the order arose was whether Dr. Byrne's counsel should be disqualified), and that the order is unreviewable on appeal from a final judgment." See *Will v. Hallock*, 546 U.S. 345, 349 (2006) (internal quotation marks and citation omitted), citing *Cohen*, *supra*.

Indeed, while Dominion claims that the third element is not present, the reality is that counsel's active participation in the litigation has been hampered by the disqualification proceedings and to argue that the third element is not met under these circumstances is placing form over substance. Indeed, there will be no reason to appeal the disqualification order if judgment is rendered against Dr. Byrne because the effect of that order will have already been realized during the litigation. In the least, the issue is ripe for review and Dr. Byrne deserves to have

3

his appeal briefed and argued before this Court to sufficiently protect his constitutional right to due process.

## CONCLUSION AND RELIEF REQUESTED

The decision to disqualify Dr. Byrne's counsel directly concerns Dr. Byrne's rights to Due Process in that it deprives him of his counsel of choice.

For the foregoing reasons, Appellant respectfully requests that the Court deny Dominion's motion to dismiss.

Respectfully submitted by,

*/s/ Roger I. Roots*
Roger Roots
Counsel for Appellant
(775) 764-9347
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
roger@rootsjustice.com

Dated: March 7, 2025

## CERTIFICATE OF SERVICE

I, Roger Roots, certify that on March 7, 2025, a copy of the attached pleadings was served upon all counsel of record via electronic filing with the United States Court of Appeals for the District of Columbia.

Respectfully submitted by,

*/s/ Roger I. Roots*
Roger Roots
Counsel for Appellant
(775) 764-9347
10 Dorrance Street, Suite 700
 Providence, Rhode Island 02903
roger@rootsjustice.com

Dated: March 7, 2025

CERTIFICATE OF COMPLIANCE

I hereby certify that on March 7, 2025, this document complies with the word limits of Fed. R. App. P. 27(d)(2)(A) of 5,200 words because, excluding those parts of the document exempt by Fed. R. App. P. 32(f), this document contains 810 words.

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word version 2501 in 14-point font size and in Times New Roman type style.

Respectfully submitted by,

*/s/ Roger I. Roots*
Roger Roots
Counsel for Appellant
(775) 764-9347
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
roger@rootsjustice.com

Dated: March 7, 2025