IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

_____

Docket No. 24-7195
_____

US DOMINION, INC., et al.,

                              Plaintiffs / Appellees,

v.

DR. PATRICK BYRNE,

                              Defendant / Appellant.
_____

DEFENDANT / APPELLANT DR. PATRICK BYRNE'S
PETITION FOR EN BANC REVIEW
_____

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...............................................................ii

INTRODUCTION.............................................................................1

DISCUSSION....................................................................................3

CONCLUSION AND RELIEF REQUESTED....................................11

# TABLE OF AUTHORITIES

**Cases**

*Adir Int'l, Ltd. Liab. Co. v. Starr Indem. & Liab. Co.*,
  994 F.3d 1032 (9th Cir. 2021) ...................................................... 4, 6

*Bingham Greenebaum Doll, LLP v. Glenview Health Care Facility,
  Inc. (In re Glenview Health Care Facility, Inc.)*,
  620 B.R. 582 (B.A.P. 6th Cir. 2020) ................................................. 6

*Cohen v. Beneficial Indus. Loan Corp.*,
  337 U.S. 541, 69 S. Ct. 1221 (1949) ............................................... 13

*Danny B. v. Raimondo*,
  784 F.3d 825 (1st Cir. 2015) ........................................................ 4, 7

*David Cutler Indus. v. Direct Grp., Inc. (In re David Cutler Indus.)*,
  432 B.R. 529 (Bankr. E.D. Pa. 2010) ................................................ 5

*Denius v. Dunlap*,
  209 F.3d 944 (7th Cir. 2000) ............................................................ 8

*Doe v. District of Columbia*,
  697 F.2d 1115: 225 U.S. App. D.C. 225 (D.C. Cir. 1983) ................. 8

*Elrod v. Burns*,
  427 U.S. 347 (1976) ....................................................................... 12

*Goldberg v. Kelly*,
  397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970) ..................... 8

*Gray v. New England Tel. & Tel. Co.*,
  792 F.2d 251 (1st Cir. 1986) ............................................................ 7

*Hope v. Warden York Cnty. Prison*,
  956 F.3d 156 (3d Cir. 2020) ........................................................... 10

*McDougald v. Jenson*,
  786 F.2d 1465 (11th Cir. 1986) ..................................................... 10

*Mills v. District of Columbia*,
    571 F.3d 1304 (D.C. Cir. 2009) ...........................................................11

*Ne. Ohio Coal. for the Homeless v. Blackwell*,
    467 F.3d 999 (6th Cir. 2006) ...............................................................11

*Okpalobi v. Foster*,
    190 F.3d 337 (5th Cir. 1999) ...............................................................11

*P&G v. Bankers Tr. Co.*,
    78 F.3d 219 (6th Cir. 1996) .................................................................10

*Potashnick v. Port City Construction Co.*,
    609 F.2d 1101 (5th Cir.) ............................................................... 7, 8, 9

*Richardson-Merrell, Inc. v. Koller*,
    472 U.S. 424, 105 S. Ct. 2757 (1985) ...................................................3

*Smart Communs. Holding, Inc. v. Glob. Tel-Link Corp.*,
    590 F. Supp. 3d 758 (M.D. Pa. 2022) ............................................... 4, 7

*Will v. Hallock*,
    546 U.S. 345 (2006) ............................................................................13

### Statutes

28 U.S.C. § 1291 ..........................................................................................2

28 U.S.C. §1292 ...........................................................................................9

INTRODUCTION

Defendant / Appellant in the above-captioned matter files this petition pursuant to Federal Rule of Appellate Procedure (Fed. R. App. P.) 35 and Fed. R. App. P. 40 seeking en banc review and rehearing of the Court of Appeals Order dated March 24, 2025, dismissing his appeal for lack of subject matter jurisdiction.

The proceedings in the instant case involve one or more questions of exceptional importance concerning the continued treatment of lower district court orders disqualifying counsel as non-appealable orders, which orders do not invoke the subject-matter jurisdiction of the United States Court of Appeals. Regardless of the substantive treatment of this issue by appellate courts, an order disqualifying counsel in a district court proceeding is for all intents and purposes a final order with respect to *the substantive decision being appealed*, i.e., the decision to disqualify, because the right to counsel of choice has been immediately affected and irredeemably altered by such an order.

The final disposition of the case subsequent to such an order is irrelevant to the immediate and substantive rights of a litigant faced with a decision altering the strategy and prognosis of his or defense. The constitutional violation, as it were, occurs at the moment the

counsel is disqualified and said violation is a continuing one for however the long the case continues to be litigated.

Moreover, all cases in which the courts have been asked to determine the finality of an order of disqualification have been those in which the underlying challenge, or the basis of disqualification, was unrelated to a preemptive strike on the part of opposing counsel to get rid of their opposition's attorney because of the latter's competence and expertise. Indeed, the reason that such motions are supposed to be viewed with caution is the very use of such motions for purposes of one side's tactics and strategy. Here, Dr. Byrne's counsel was targeted by Dominion specifically for disqualification so that she could not represent Dr. Byrne because of experience and expertise.

Therefore, Dr. Byrne continues to assert that the final order entered by the District Court on his motion for reconsideration of the disqualification order is a final, appealable order and subject to the appellate jurisdiction of this court under 28 U.S.C. § 1291.

The decisions of the United States Supreme Court on this issue are not only outdated, but distinguishable from the instant case and the Court of Appeals must reconsider its decision to dismiss Dr. Byrne's appeal on jurisdictional grounds. Furthermore, developments in constitutional law concerning the right of civil litigants to counsel

2

of their choice during the course of civil proceedings has evolved such that rote adherence to the outdated framework of *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S. Ct. 2757 (1985), is constitutionally deficient, and in any event, the federal courts have recently demonstrated considerable leeway to civil litigants in furtherance of protecting their individual constitutional rights.

Dr. Byrne therefore implores the Court to consider addressing the dismissal of his appeal on rehearing en banc.

## DISCUSSION

Legal challenges and disputes related to a civil litigant's right to choice of counsel often arise from the tension between the litigant's constitutional rights and the court's authority to regulate legal proceedings.  Civil litigants have a constitutional right, rooted in the Fifth Amendment Due Process Clause, to retain counsel of their choice. This right is not absolute and may be overridden in certain circumstances, such as when the choice of counsel interferes with the orderly administration of justice or creates conflicts of interest. *Danny B. v. Raimondo*, 784 F.3d 825 (1st Cir. 2015), *Adir Int'l, Ltd. Liab. Co. v. Starr Indem. & Liab. Co.*, 994 F.3d 1032 (9th Cir. 2021), *Smart Communs. Holding, Inc. v. Glob. Tel-Link Corp.*, 590 F. Supp. 3d 758 (M.D. Pa. 2022).

3

Courts have recognized that a litigant's choice of counsel is entitled to substantial deference and courts must guard against the use of motions to disqualify counsel as a tactical weapon to get rid of attorneys that pose a substantial obstacle to the opposition. Therefore, courts require a high standard of proof to justify disqualification. Disqualification is generally disfavored unless there is a compelling reason, such as a conflict of interest or a threat to the fair administration of justice.

Here, Dr. Byrne's counsel of choice is the leading expert attorney and primary counsel in election-related cases across the country and other matters involving Dominion, including a breach of contract action. She has garnered significant experience and knowledge in the nationwide litigation of these types of matters because of her status as a former prosecutor, specializing in cases involving election-related issues. She also has the necessary expertise in the sub-specialty of cases involving electronic voting equipment.

Indeed, Appellant continues to have his counsel of choice represent him in other proceedings and continues to advocate for her to do so here. This is the single most important issue because although it is separate from the merits of the underlying defamation claim, Appellant's constitutional rights of choice to a proper defense remain

4

and continue to be violated so long as that choice is not honored by this court system. Dominion's motives are evident, because it continues to engage in reactive actions and conduct demonstrating its fear that Attorney Lambert will be able to continue to represent Dr. Byrne in litigation with and involving Dominion.

Finally, the only reason for Appellant's appeal now is because the relief and remedy, to wit, restoring to Appellant his counsel of choice by reversal on appeal of the decision of disqualification is unreviewable on appeal – effectively moot. This is also immutable and will not change. The substance of the dispute is whether or not Appellant should be allowed to have his counsel of choice continue representing him in the underlying litigation. *David Cutler Indus. v. Direct Grp., Inc. (In re David Cutler Indus.)*, 432 B.R. 529 (Bankr. E.D. Pa. 2010), *Bingham Greenebaum Doll, LLP v. Glenview Health Care Facility, Inc. (In re Glenview Health Care Facility, Inc.),* 620 B.R. 582 (B.A.P. 6th Cir. 2020).

Dr. Byrne grounded the finality of the order below on the unique and explicit constitutional challenge concerning denial of a civil litigant's right to counsel of his choice. A civil litigant's right to counsel of choice is protected by the Fifth Amendment Due Process Clause. This right is implicit in the concept of due process, ensuring that a

5

litigant can retain and fund the counsel of their choice in civil litigation. *Adir Int'l, Ltd. Liab. Co. v. Starr Indem. & Liab. Co.*, 994 F.3d 1032 (9th Cir. 2021). See also, *Smart Communs. Holding, Inc. v. Glob. Tel-Link Corp.*, 590 F. Supp. 3d 758 (M.D. Pa. 2022).

Indeed, the continuing nature of the constitutional violations at issue are evident when viewed from the perspective of Dr. Byrne who has had to continue to defend the district court proceedings without the benefit of his counsel of choice. The continued denial of counsel of choice constitutes an ongoing constitutional violation. "Civil litigants have a constitutional right, rooted in the Due Process Clause, to retain the services of counsel." *Danny B. v. Raimondo*, 784 F.3d 825, 831-832 (1st Cir. 2015). See also, *Gray v. New England Tel. & Tel. Co.*, 792 F.2d 251, 257 (1st Cir. 1986), citing *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1117-19 (5th Cir.), cert. denied, 449 U.S. 820, 101 S. Ct. 78, 66 L. Ed. 2d 22 (1980). This right has been considered *so important* that it has been extended to certain administrative proceedings as well. See, e.g., *Goldberg v. Kelly*, 397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970).

This right safeguards a litigant's interest in communicating freely with counsel both in preparation for and during trial. *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1117-19 (5th Cir.

6

1980). See also, *Doe v. District of Columbia*, 697 F.2d 1115, 1119; 225 U.S. App. D.C. 225 (D.C. Cir. 1983). After all, the right to retain counsel would be drained of meaning if a litigant could not speak openly with her lawyer about her case and how best to prosecute it. See *Denius v. Dunlap*, 209 F.3d 944, 954 (7th Cir. 2000); *Doe*, 697 F.2d at 1119. A court must give great weight to this valued interest even in areas committed to its discretion. See, e.g., *Doe*, 697 F.2d at 1119-20 (requiring protective order limiting counsel's discussion of discovery materials with client to be narrowly drawn); *Potashnick*, 609 F.2d at 1119 (reversing judgment where court unreasonably barred attorney from speaking to client during breaks in testimony).

    A litigant cannot retain and benefit from the service of counsel of his or her choice throughout proceedings if that counsel is disqualified and prevented from representing his or her client. Thus, the "continuing violation" nature of the disqualification order places these cases squarely in the category of those in which injunctions and restraining orders bar or prohibit, respectively, litigants from pursuing their agenda unless and until the issue is resolved. In other words, the injunction forcibly enjoins one or another party from being able to proceed with their litigation and course of action. Such orders

7

are always immediately appealable and in the nature of final orders over which the Courts of Appeal must be able to exercise jurisdiction.

Actions enjoining conduct or action by way of the entry of temporary and permanent injunctions are immediately appealable because they have the effect of a continuing restraint on the due process rights and liberty interests of the party affected.  These types of orders go directly towards the ability of a party to act and therefore implicate important due process rights and liberty interests, the protection of which is fundamental in our adversarial system of justice. *P&G v. Bankers Tr. Co.*, 78 F.3d 219 (6th Cir. 1996), the court emphasized that a permanent injunction remains in effect and is subject to appellate review to ensure judicial oversight and prevent mootness.  See also, *McDougald v. Jenson*, 786 F.2d 1465 (11th Cir. 1986) (once a permanent injunction is entered, any prior preliminary injunction merges into the permanent order, and appeal is proper only from the permanent injunction.  Further, like permanent injunctions, where temporary restraining orders possess the qualities of a preliminary injunction, such as when it is extended beyond the period allowed under Rule 65(b), or when it resolves the merits of the case, or it continues to have ongoing and direct affects on the rights of litigants apart from the scope of the actual litigation.  See, e.g., *Hope v. Warden*

8

*York Cnty. Prison*, 956 F.3d 156 (3d Cir. 2020) ( a TRO mandating affirmative relief or causing substantial and irreversible effects immediately appealable). Additionally, in *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999 (6th Cir. 2006), the court allowed interlocutory appeals of TROs that threatened irretrievable harm or acted as mandatory injunctions. Finally, preliminary injunctions are also immediately appealable under 28 U.S.C. §1292. *Okpalobi v. Foster*, 190 F.3d 337 (5th Cir. 1999)

The disqualification affect a continuing constitutional violation of Dr. Byrne's rights, and thus, like injunctive and other behavior enforcing orders, it is immediately prejudicial, affecting Dr. Byrne's choice and causing extraordinary and irreversible constitutional injury. See, e.g., *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) (a constitutional violation and loss of constitutional protections "'for even minimal periods of time, unquestionably constitutes irreparable injury.'") (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)).

Dominion's attempt to skew this Court's impression of Dr. Byrne's counsel, while at the same time arguing that the appeal of the disqualification can occur after the case is over is telling. The denial of counsel of a litigant's choice is presumptively an exception to the

9

finality rule, as such an order's *substance and consequences* can never be effectively appealed, as it is impossible to evaluate how the case would have unfolded had the litigant been able to keep his counsel of choice. In this regard, there is a real threat of considerable loss of institutional knowledge, and Dr. Byrne is unable to replace his counsel with someone of the skill and expertise in this area, without undue prejudice at this juncture – a critical time during the litigation. Dr. Byrne must be allowed to actively participate and defend himself in these proceedings, particularly with respect to discovery and trial.

Indeed, the Magistrate below recognized that Dr. Byrne's appeal requires different treatment of his case and thus, Dominion will not be prejudiced and the interlocutory nature of the appeal will not cause the disruption necessary to warrant dismissal of Dr. Byrne's appeal on this basis considering the grave consequences of requiring him to continue under circumstances where any other counsel would be inferior and far behind in these voluminous proceedings.

Further, requiring Dr. Byrne to find other counsel and continue will automatically invoke all three requirements of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221 (1949). The disqualification order conclusively determined the disputed question (the status of Dr. Byrne's counsel of choice), the order resolved an issue

10

separate from the merits of the action (the only question from which the order arose was whether Dr. Byrne's counsel should be disqualified), and that the order is unreviewable on appeal from a final judgment." See *Will v. Hallock*, 546 U.S. 345, 349 (2006) (internal quotation marks and citation omitted), citing *Cohen, supra*.

Indeed, while Dominion claims that the third element is not present, the reality is that counsel's active participation in the litigation has been hampered by the disqualification proceedings and to argue that the third element is not met under these circumstances is placing form over substance. Indeed, there will be no reason to appeal the disqualification order if judgment is rendered against Dr. Byrne because the effect of that order will have already been realized during the litigation. In the least, the issue is ripe for review and Dr. Byrne deserves to have his appeal briefed and argued before this Court to sufficiently protect his constitutional right to due process.

CONCLUSION AND RELIEF REQUESTED

The decision to disqualify Dr. Byrne's counsel directly concerns Dr. Byrne's rights to Due Process in that it deprives him of his counsel of choice. For the foregoing reasons, Appellant respectfully requests that the grant Dr. Byrne's petition for en banc review.

        Respectfully submitted by,

        */s/ Roger I. Roots*
        Roger Roots
        Counsel for Appellant
        Roots Justice
        10 Dorrance Street
        Suite 700
        Providence, Rhode Island 02903
        (775) 764-9347
        roger@rootsjustice.com

Dated: March 31, 2025

## CERTIFICATE OF SERVICE

I, Roger Roots, certify that on March 31, 2025, a copy of the attached pleadings was served upon all counsel of record via electronic filing with the United States Court of Appeals for the District of Columbia.

        Respectfully submitted by,

        */s/ Roger I. Roots*
        Roger Roots
        Counsel for Appellant
        Roots Justice
        10 Dorrance Street
        Suite 700
        Providence, Rhode Island 02903
        (775) 764-9347
        roger@rootsjustice.com

Dated: March 31, 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that on March 31, 2025, this document complies with the word limits of Fed. R. App. P. 35 and 40 of 3,900 words because, excluding those parts of the document exempt from such limitation, this document contains 2,388 words.

This document also complies with the typeface and the type-style requirements because this document has been prepared in a proportionally spaced typeface using Microsoft Word version 2501 in 14-point font size and in Century Schoolbook type style.

                                      Respectfully submitted by,

                                      */s/ Roger I. Roots*
                                      Roger Roots
                                      Counsel for Appellant
                                      Roots Justice
                                      10 Dorrance Street
                                      Suite 700
                                      Providence, Rhode Island 02903
                                      (775) 764-9347
                                      roger@rootsjustice.com

Dated: March 31, 2025